IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. BEDNARSKI and<br>RUTH BEDNARSKI, h/w<br><br>Plaintiffs,<br><br>v.<br><br>E and S CONTRACT CARRIERS, INC.<br>CLARENCE JONES and<br>I & A TRANSPORT and<br>MARTIN CAMACHO<br>   Defendants. | :<br>:<br>:    C.A. NO.: 05-125<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

ANSWER

Defendant, E&S Contract Carriers (incorrectly designated), Inc.'s, by and through its attorneys Rawle & Henderson answer the complaint and aver as follows:

1.  Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

2.  Admitted in part. It is admitted that E&S Contract Carriers was organized and existed under the laws of the Commonwealth of Virginia with its principal place of business located at 2400 Maury Street in Richmond, Virginia. The balance of the allegations in this paragraph are denied as conclusions of law to which no response is required.

3.  Admitted in part. It is admitted only that at all material times hereto Clarence Jones was a resident of Virginia.

4.  Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

5.  Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

6.       Denied in part.  It is admitted that on the date and time John J. Bednarski was driving his vehicle in a northbound direction on U.S. Route 301 in Middletown, Delaware. The balance of the allegations is denied as conclusions of law to which no responsive pleading is requires under the Rules of Civil Procedure.

7.       Admitted.      It is admitted that on the date and location cited Clarence Jones was driving a vehicle owned by the defendant, E&S Contract Carriers, Inc..

8.       Denied.  After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.

9.       Admitted in part and denied in part. It is admitted that on the date and location cited Clarence Jones was driving a vehicle which was involved in an automobile accident.  The balance of the allegations contained in paragraph 9 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  By way of further answer,  answering defendant is without sufficient information to form a belief as to the truth of the averments contained therein and therefore, said are denied.

10.      Admitted in part and denied in part. It is admitted that on the date and location cited Clarence Jones was driving a vehicle which was involved in an automobile accident.  The balance of the allegations contained in paragraph 10 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.  By way of further answer,  answering defendant is without sufficient information to form a belief as to the truth of the averments contained therein and therefore, said are denied.

11.      Admitted in part and denied in part. It is admitted that on the date and location cited Clarence Jones was driving a vehicle which was involved in an automobile accident.  The balance of the allegations contained in paragraph 11 of the Complaint is denied as conclusions of

law to which no responsive pleading is required under the Rules of Civil Procedure. By way of further answer, answering defendant is without sufficient information to form a belief as to the truth of the averments contained therein and therefore, said are denied.

## COUNT I
## NEGLIGENCE

12. Denied. The allegations contained in paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extant that an answer is required Defendant specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

13(a-e). Denied. The allegations contained in paragraphs 13 and subparts a through e of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Defendant specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

14. Denied. The averments contained in this paragraph are addressed to defendants other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the averments.

15. Denied. The averments contained in this paragraph are addressed to defendants other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the averments.

16. Denied. The averments contained in this paragraph are addressed to defendants other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the averments.

## COUNT II
## AGENCY AND NEGLIGENT ENTRUSTMENT

14 (sic)  Admitted in part.  It is admitted only that Clarence Jones at all relevant times hereto was acting in the furtherance of the business of E&S Contract Carriers, Inc. The balance of the allegations contained in paragraph 14 (sic) of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

15. (sic)  Denied.  The allegations contained in paragraph 15(sic) of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that an answer is required, Defendant specifically deny any and all allegations of negligence.  Strict proof of same will be required at trial.

17. (sic)  Denied.  The averments contained in this paragraph are addressed to defendants other than answering defendant herein.  Answering defendant is therefore advised that no further answer is required to the averments.

18.(sic)  Denied.  The averments contained in this paragraph are addressed to defendants other than answering defendant herein.  Answering defendant is therefore advised that no further answer is required to the averments.

19. (sic)  Denied.  The allegations contained in paragraph 19(sic) of the Complaint are conclusions of law to which no responsive pleading is required. To the extent that an answer is required, Defendant specifically deny any and all allegations of negligence.  Strict proof of same will be required at trial.

20. (sic) Denied.  After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein.  By way of

further Answer, Answering defendant specifically denies that the injuries or damages claimed are a result of any conduct of the defendant. Strict proof of same will be required at the time of trial.

21. (sic) Denied. After reasonable investigation answering defendant is without sufficient information to admit or deny the truth of the averment contained herein. By way of further Answer, Answering defendant specifically denies that the injuries or damages claimed are a result of any conduct of the defendant. Strict proof of same will be required at the time of trial.

## COUNT III
## CONSORTIUM

22. (sic) Denied. The allegations contained in paragraph 22(sic) are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, defendant specifically denies any and all allegations of negligence. By way of further answer defendants are without sufficient information to form a belief as to the truth of the averment contained herein.

WHEREFORE, answering defendant, E&S Contract Carriers, Inc. demand that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiffs, together with costs, fees, and such other and further relief as may be appropriate.

### AFFIRMATIVE DEFENSES

#### FIRST SEPARATE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

#### SECOND SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiffs, if any,

1115385 v.1

were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

### THIRD SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiffs, which is denied, it was in no way caused by an act or omission on the part of defendants.

### FOURTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiffs' alleged injuries and/or damages.

### FIFTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiffs, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants have no responsibility, and not by the culpable conduct or negligence of the defendants.

### SIXTH SEPARATE DEFENSE

Defendants claim all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiffs pre-existed or were sustained after the accident which is the subject matter of the Complaint.

### EIGHTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

### NINTH SEPARATE DEFENSE

Plaintiffs failed to mitigate their damages.

## TENTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiffs, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

WHEREFORE, answering defendant demands that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiffs, together with costs, fees, and such other and further relief as may be appropriate.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS

Answering defendant, E&S Contract Carriers, Inc., by and through their attorneys, Rawle & Henderson, LLP hereby asserts a cross claim as follows:

1. Defendant incorporates by reference its answers to paragraphs 1-22 of the Complaint as if set forth fully herein.

2. Defendants incorporate by reference their First through Tenth Affirmative Defenses contained in its Answer to the Complaint as if set forth fully herein. If the averments set forth in plaintiffs' complaint, or certain of them, are proven to be true and correct at the time of trial, all such averments being incorporated herein by reference, without adopting same or admitting their veracity, and any liability of answering defendant being expressly denied, then the losses and/or damages complained of or caused solely and/or in part by the negligence, careless, recklessness, or other liability-producing conduct of co-defendants who are alone liability to plaintiffs, jointly and severally liable with answering defendant, or liable over to answering defendant by way of contribution and/or indemnity, contractual or otherwise.

3. If the averments set forth in plaintiff's Complaint, or certain of them, are proven to be true and correct at the time of trial, all such averments being incorporated herein by reference, without adopting same or admitting their veracity, and any liability of answering

1115385 v.1

defendant being expressly denied, then the losses and/or damages complained of or caused solely and/or in part by the negligence, careless, recklessness, or other liability-producing conduct of co-defendants, who are alone liability to plaintiffs, jointly and severally liable with answering defendant, or liable over to answering defendant by way of contribution and/or indemnity, contractual or otherwise under 10 Del. C. §6305 and 6306.

**WHEREFORE**, answering defendant, E&S Contract Carriers, Inc., demands judgment in its favor and against co-defendants for a sum that may be awarded to the plaintiffs or that answering defendant may be granted indemnity or contribution from said defendant for all or any part of the sums due plaintiffs including interest, counsel fees and costs and any other such relief as the Court may deem equitable and just.

RAWLE & HENDERSON LLP

BY: ___/s/__Delia Clark___
     Delia A. Clark (3337)
     300 Delaware Ave. – Suite 1015
     Wilmington, DE 19801
     (302)778-1200
     Attorneys for Defendant
     E&S Contract Carriers, Inc.

**CERTIFICATE OF SERVICE**

I, Delia Clark, certify that a true and correct copy of Defendant, E&S Contract Carriers, Inc.'s Answer to Plaintiffs' Complaint was served via first class mail on the persons listed below:

Mark L. Reardon
Eluzfon, Austin, Reardon,
Tarlov & Mondell
300 Delaware Avenue,
PO Box 1630
Wilmington, DE  19801

James E. Butler
Miller, Rosnick, D'Amico & de Lucia
1087 Broad Street
Bridgeport, CT  06604

I&A Transport
6109 Northwest 72nd Avenue
Miami, FL  33166


Martin Camacho
35 NW 64th Avenue
Miami, FL  33126

            RAWLE & HENDERSON LLP


            BY:___/s/ Delia Clark
              Delia Clark
            300 Delaware Ave. – Suite 1015
            Wilmington, DE 19801