## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. BEDNARSKI and<br>RUTH BEDNARSKI, h/w<br><br>Plaintiffs,<br><br>v.<br><br>E and S CONTRACT CARRIERS, INC.<br>CLARENCE JONES and<br>I & A TRANSPORT and<br>MARTIN CAMACHO<br><br>Defendants. | :<br>:<br>:  C.A. NO.: 05-125 (GMS)<br>::<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### REPORT OF RULE 26(f) MEETING

In accordance with the provisions of Federal Rule of Civil Procedure 26(f), counsel for the parties conferred and submit the following report of their conference for the Court's consideration:

1.  **Jurisdiction and Service**

    This Court has jurisdiction as there exists diversity of citizenship of the parties and amount in controversy meets the jurisdictional amount of $75,000. pursuant to 28 U.S.C. § 1332(a).  Defendants E and S Contract Carriers, Inc, Clarence Jones and Martin Camacho have been effectively served.  Defendant I & A Transport has not been formally served as of this date.

2.  **Substance of the Action--Discussion of Claims, Defenses and Relevant Issues**

    This claim arises out of a September 6, 2002 vehicular collision on Route 301, in Middletown, Delaware.  Plaintiff John J. Bednarski alleges permanent and serious personal injury as a result of this collision.

Defendant, E&S Contract Carriers, Inc has admitted that Mr. Clarence Jones, at the time of the accident, was acting as an agent and/or employee of E& S Contract Carriers.  It is alleged that Defendant Martin Camacho was acting as an agent for defendant I & A Transport.

3. **Identification of Issues**

The prime issues that are the subject of discovery are the factual circumstances surrounding the September 6, 2002 accident, the apportionment of negligence between the Defendants' employees, and the nature and extent of the Plaintiff's damages.

4. **Narrowing of Issues**        None.

5. **Relief**

Plaintiff Mr. Bednarski asserts claims for pain and suffering associated with the injuries sustained in this accident, past and present ongoing physical injuries, medical expenses and loss of earning capacity.  Plaintiff Mrs. Bednarski asserts claims for loss of consortium.

6. **Amendment of the Pleadings**

None known at this time.

7. **Joinder of Parties**

No.

8. **Discovery**

   A. **General Discovery Plan**

Rule 26(a) (1) disclosures have been completed by the Plaintiff and by Defendants E & S and Clarence Jones.  Defendant E & S has served Interrogatories and a Request for Production upon the Plaintiffs which have not been answered to date.   Plaintiff expects to take depositions of  the Defendants, and the investigative police officials. Defendants expect to take depositions of Plaintiffs, the investigating officer and any life style witnesses named.

B.  **Expert Witness Disclosures**

With the concurrence of the Court, the parties are in agreement that Plaintiff's expert witness reports will be provided thirty (30) days prior to the fact discovery deadline; Defendants' expert witness reports will be provided sixty (60) days after Plaintiffs' expert disclosures; and, rebuttal expert witness reports will be provided within fifteen (15) days after Defendants' expert disclosures. Expert discovery will be completed within forty-five (45) days after the rebuttal expert disclosure.

C.  **Independent Medical Evaluations**

Defendants expect to obtain as many as two independent medical evaluations.

D.  **Discovery Deadline**

The parties are in agreement on fixing a discovery deadline of November 1, 2005.

Counsel jointly propose for the Court's consideration a discovery schedule as follows;

| | |
|---|---|
| Plaintiffs' Expert Witness Disclosure: | October 1, 2005 |
| Factual Discovery Cut-off: | November 1, 2005 |
| Defendants' Expert Witness Disclosure: | December 1, 2005 |
| Plaintiffs' Rebuttal Expert Disclosure: | December 15, 2005 |
| Expert Discovery Cut-off: | January 31, 2005 |

9.  **Estimated trial length**

The parties estimate that it will take 3 days for trial. The Defendants would have no objection to bifurcation of the trial.

10. **Jury trial**

The parties wish to proceed with a jury trial.

**11.  Settlement**

No demand has been made.

Early Settlement or Resolution: The parties have discussed early resolution through ADR. Both the Plaintiffs and the Defendants are amenable to ADR providing that it is non-binding, and provided Defendants shall have the opportunity to obtain independent medical evaluations before entering into ADR.  In addition, the parties would be amenable to mediation before Magistrate Judge Thygne.

**12.  Other**

Plaintiffs' local counsel will file and present a Motion and Order for Admission Pro Hac Vice for James E. Butler, Esquire.

| | |
|---|---|
| ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A. | RAWLE & HENDERSON, LLP |
| */S/ MARK L. REARDON* | */S/ DELIA S. CLARK* |
| MARK L. REARDON (Bar ID #2627) | DELIA A. CLARK (Bar ID #3337) |
| 300 Delaware Avenue, 17th Floor | 300 Delaware Avenue, Ste. 1015 |
| P. O. Box 1630 | P. O. Box 588 |
| Wilmington, DE  19899-1630 | Wilmington, DE  19899-0588 |
| (302) 428-3181 | (302) 778-1200 |
| Attorney for Plaintiffs | Attorney for Defendants E & S Contract Carriers, Inc. and Clarence Jones |

**VIA PRO HAC VICE**
James E. Butler, Esquire
Miller, Rosnick, D'Amico and de Lucia, P.C.
1087 Broad Street
Bridgeport, CT   06604
Attorney for Plaintiffs
Telephone:  (203)334-0191
Facsimile:  (203)334-3463

MURPHY SPADARO & LANDON

*/S/ ROGER D. LANDON*
ROGER D. LANDON (Bar ID # 2460)
1011 Centre Road, Suite 210
Wilmington, DE   19805
(302) 472-8100
Attorney for Defendants
I & A Transport and
Martin Camacho

G:\Docs\CLIENT\131186\14959\pleading\00284914.DOC