IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. BEDNARSKI and<br>RUTH BEDNARSKI, h/w,<br><br>  Plaintiffs,<br><br>v.<br><br>E&S CONTRACT CARRIERS, INC.,<br>CLARENCE JONES and<br>I&A TRANSPORT and<br>MARTIN CAMACHO,<br><br>  Defendants. | C.A. No. 05-125 (GMS) |

**DEFENDANTS', I&A TRANSPORT, INC. AND MARTIN CAMACHO,
MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12**

                                      Roger D. Landon (I.D. No. 2460)
                                      Chase T. Brockstedt (I.D. No. 3815)
                                      Murphy Spadaro & Landon
                                      1011 Centre Road, #210
                                      Wilmington, DE  19805
                                      (302) 472-8100

June 17, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS .................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

    I.   PLAINTIFFS HAVE FAILED TO PERFECT SERVICE OF
        PROCESS WITH RESPECT TO I&A AND CAMACHO ................................... 4

    II.  COUNTS I AND II OF PLAINTIFFS' COMPLAINT AGAINST
        CAMACHO AND I&A FAILS TO STATE A CLAIM UPON
        WHICH RELIEF CAN BE GRANTED BECAUSE THE
        ALLEGATIONS ARE LEGAL CONCLUSIONS ............................................... 7

CONCLUSION ................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases** **Page**

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ....................................................... 7

Dominic v. Hess Oil V.I. Corp., 841 F. 2d 513, 517 (3d. Cir. 1988) ....................... 6

Graves v. Lowry, 117 F.3d 723, 726 (3d. Cir. 1996) ............................................. 7

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) .................................................. 7

Kost v. Kozakiewicz, (F.3d 176, 183 (3d. Cir. 1993) ......................................... 8, 9

McCurdy v. Am. Bd. Of Plastic Surgery, 157 F.3d 191, 196 (3d. Cir. 1998) ......... 5

Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 69 (E.D. Pa. 1994) .............. 6

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d. Cir. 1997) ................. 8

Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d. Cir. 1995) .............. 5

Schrob v. Catterson, 948 F.2d 1402, 1405 (3d. Cir. 1991) ................................... 7

Umbenhauer v. Woog, 969 F.2d 25, 30 (3d. Cir. 1992) ........................................ 5

**Rules**

Fed. R. Civ. P. 12(b)(5) ......................................................................................... 6

Fed. R. Civ. P. 6(b). Id .......................................................................................... 6

## **NATURE AND STATE OF PROCEEDINGS**

Plaintiffs filed a Complaint in Superior Court of the State of Delaware in and for New Castle County on September 2, 2004 alleging negligence, agency and negligent entrustment. Plaintiffs' complaint asserts a claim for loss of consortium. Defendants E&S Contract Carriers, Inc. and Clarence Jones removed the case to this Court on the basis of diversity jurisdiction on March 4, 2005.

Defendants I&A and Camacho hereby file this motion pursuant to Federal Rule of Civil Procedure 12(b)(5) seeking dismissal of Plaintiffs' Complaint against them due to insufficiency of service of process and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## SUMMARY OF ARGUMENT

1. Plaintiffs have failed to perfect service of process with respect to I&A and Camacho.

2. Counts I and II of Plaintiffs' Complaint against Camacho and I&A fail to state a claim upon which relief can be granted as the allegations are legal conclusions.

## **STATEMENT OF FACTS**

This dispute arises out of a motor vehicle accident which occurred on September 6, 2002. On that date, plaintiff John J. Bednarski was operating his vehicle in a northerly direction on US Route 301 near Middletown, Delaware. Defendant Clarence Jones, operating a tractor-trailer owned by defendant E&S Contract Carriers, Inc., was travelling in the same direction directly behind Mr. Bednarski. While operating his vehicle, defendant Jones looked downward to pick up food in the cab of his tractor-trailer. Just in front of defendant Jones, Mr. Bednarski had stopped his vehicle due to traffic. The tractor-trailer operated by defendant Jones struck the rear of the Bednarski vehicle. As a result of this collision, the Bednarski vehicle traveled from the northbound lane into the southbound lane where it was struck by a tractor-trailer driven by Camacho and owned by I&A.

# ARGUMENT

**I.   Plaintiffs have failed to perfect service of process with respect to I&A and Camacho.**

It is undisputed that I&A is a Florida corporation and Camacho is a Florida resident.  Pursuant to Fed. R. Civ. P. 4(h) service on a foreign corporation can be effectuated on its registered agent for service of process in the State in which the district is located or pursuant to the laws of the State in which the district is located.  Similarly, service on an individual can be done in person or at their home or pursuant to the laws in which the district is located.  Fed. R. Civ. P. 4(c).

I&A has no agent for service of process in Delaware and Camacho does not reside in Delaware.  Therefore, plaintiffs must comply with Sup. Ct. Civ. R. 4 and the provisions of Title 10 of the Delaware Code.  Plaintiffs have failed to comply and therefore the claims against I&A and Camacho should be dismissed.

Pursuant to 10 Del.C. § 3104, plaintiffs are required to serve a copy of the summons and complaint on the Secretary of State of Delaware to begin the process of effectuating service on I&A.  Id. at § 3104.  Once the Sheriff has served the Secretary of State, plaintiffs have seven days to send, by registered mail, notice of process and the suit papers to I&A and obtain a return receipt or proof of delivery.  Id. at § 3104(d)-(e).  Plaintiffs have a limited amount of time to amend the complaint to show compliance with the statute.  Id.

The docket entries in the Superior Court show the initial attempt to serve I&A was returned *non-est* on September 27, 2004.  See Docket at Ex. A.  Plaintiffs then served the Secretary of State on November 1, 2004.  Id.  Although a motion to extend the time for service of process was filed, there is no evidence that plaintiffs sent notice of

process and the suit papers within seven days nor did they file the appropriate pleading with the Court. Id.

The requirements to effectuate service of process on Camacho are governed by Sup. Ct. Civ. R. 4 and 10 Del. C. § 3112. The procedures with respect to service on an individual are similar to what is required to serve a corporation. Specifically, once plaintiffs receive the Sheriff's Return from the Secretary of State, they have seven days to serve, by registered mail, notice of process and the suit papers to Camacho and obtain a return receipt or proof of delivery. Id. at § 3112(b)-(d).

The docket entries with respect to service on Camacho are identical to that of I&A. See Docket at Ex. A. Service was returned *non-est* on September 27, 2004 and the Secretary of State was served November 1, 2004. Id. There is no evidence that plaintiffs sent notice of process and the suit papers within seven days nor did they file the appropriate pleading with the Court. Id.

The District Court has broad discretion in dismissing a plaintiff's complaint for insufficient service of process. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d. Cir. 1992). In determining whether to dismiss a complaint, or grant a plaintiff an extension of time to serve a defendant, the Court must follow a two-step process. McCurdy v. Am. Bd. Of Plastic Surgery, 157 F.3d 191, 196 (3d. Cir. 1998). The Court should first determine whether good cause exists for an extension of time and if good cause is present, the Court must extend the time for service of process and the inquiry is ended. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d. Cir. 1995). However, if the Court determines good cause does not exist, the Court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. Id. This Court has

determined that "good cause" exists if a plaintiff has made a good faith effort to comply with the Rule and there is reasonable justification for the plaintiff's non-compliance. Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 69 (E.D. Pa. 1994). With respect to determining whether "good cause" exists, the Third Circuit has identified the following factors: "1) whether the inadvertence reflected professional incompetence such as ignorance of the rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the Court, 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence or, 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance." Dominic v. Hess Oil V.I. Corp., 841 F. 2d 513, 517 (3d. Cir. 1988). Additionally, the Dominic Court found that the factors to evaluate "good cause" are essentially the same as the factors to evaluate "excusable neglect" under Fed. R. Civ. P. 6(b). Id.

In this matter, service of process has not been perfected on I&A or Camacho pursuant to Fed. R. Civ. P. 4 and the provisions of Title 10 of the Delaware Code. There is no evidence of a reasonable justification for plaintiff's non-compliance as there is no evidence of an attempt to follow the correct procedures. Pursuant to Fed. R. Civ. P. 12(b)(5), the claims against I&A and Camacho should be dismissed for insufficiency of service of process.

**II.     Counts I and II of Plaintiffs' Complaint against Camacho and I&A fails to state a claim upon which relief can be granted because the allegations are legal conclusions.**

The Complaint filed by Plaintiffs alleges negligence.  With respect to the allegations against defendant Jones, the Complaint has stated these claims with sufficient particularity.  However, the entire allegation of negligence against Camacho states as follows:

> Defendant Martin Camacho operated Defendant I&A Transport's vehicle in a careless, reckless and negligent manner so as to cause said vehicle to collide with the vehicle operated by Plaintiff John J. Bednarski, thereby causing serious injury to Plaintiff Bednarski.

The allegations of agency and negligent entrustment against Camacho simply assert that Camacho was, at the time of the incident, an employee of I&A and was authorized to operate the I&A vehicle.  The entire allegation of negligent entrustment against I&A states as follows:

> I and A Transport, Inc. negligently and recklessly entrusted their vehicle to defendant Martin Camacho.

In ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true.  Graves v. Lowry, 117 F.3d 723, 726 (3d. Cir. 1996).  A court must view all reasonable inferences that may be drawn from the complaint in a light most favorable to the non-moving party.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Schrob v. Catterson, 948 F.2d 1402, 1405 (3d. Cir. 1991).  A Court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Graves, 117 F.3d at 726; Nami, 82 F.3d at 65 (both citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The purpose of a

motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of a case.  Kost v. Kozakiewicz, (F.3d 176, 183 (3d. Cir. 1993).  The Court, however, is not required to credit "bald assertions" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d. Cir. 1997).

  The allegations of negligence, agency and negligent entrustment against Camcho and I&A are conclusory and fail to state a claim.  The assertions are based solely on the facts contained in the police report.  Plaintiffs' complaint alleges negligence with particularity against defendant Clarence Jones for failing to operate his vehicle in a reasonable manner.  See Complaint ¶ 13.  However, with respect to Camacho, other than to state that he operated the vehicle in a "careless, reckless and negligent manner," there were no additional facts alleged which could potentially provide Plaintiffs with relief.  This is not surprising since Camacho was simply operating his vehicle on the same road and travelling in the opposite direction when the Bednarski vehicle was forced into his lane of travel as a result of the Bednarski – Jones collision.  Camacho was in no way careless, reckless or negligent in the operation of his vehicle and plaintiffs have failed to allege their claim properly.  The Bednarski – Camacho collision is not related to the conduct of Camacho.  Rather, the Bednarski – Camacho collision was caused by defendant Jones.

  Similarly, the allegations of agency and negligent entrustment against I&A depend on the allegations of negligence against Camacho.  There is no evidence that I&A's entrustment of their vehicle to Camacho was negligent or reckless and plaintiffs' complaint fails to sufficiently plead a claim on which relief could be granted.  As such, the allegations against Camacho and I&A in Counts I and II of plaintiffs' complaint fail

the "sufficiency" test referred to in <u>Kost</u> because the allegations are simply legal conclusions and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

The allegations against I&A and Camacho are legal conclusions and fail to state a claim upon which relief could be granted.

**WHEREFORE**, Defendants', I&A Transport and Martin Camacho request that the Court enter an Order in the form attached, granting the defendant the relief requested.

                            MURPHY SPADARO & LANDON

                            */s/ Chase T. Brockstedt*
                            Roger D. Landon (I.D. No. 2460)
                            Chase T. Brockstedt (I.D. No. 3815)
                            1011 Centre Road, #210
                            Wilmington, DE  19805
                            (302) 472-8100
                            Attorney for Defendants
                            I&A Transport and Martin Camacho

June 17, 2005

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN J. BEDNARSKI and <br> RUTH BEDNARSKI, h/w, <br><br> Plaintiffs, <br><br> v. <br><br> E&S CONTRACT CARRIERS, INC., <br> CLARENCE JONES and <br> I&A TRANSPORT and <br> MARTIN CAMACHO, <br><br> Defendants. | C.A. No. 05-125 (GMS) |

## CERTIFICATE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 17th day of June, 2005, two copies of the foregoing DEFENDANTS', I&A TRANSPORT, INC. AND MARTIN CAMACHO MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 were delivered via hand delivery to the following individual(s):

Mark L. Reardon, Esq.
Elzufon Austin Reardon Tarlov
& Mondell, P.A.
300 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Delia Ann Clark
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801

00120931.DOC

MURPHY SPADARO & LANDON

/s/ Chase T. Brockstedt
ROGER D. LANDON, I.D. No. 2460
CHASE T. BROCKSTEDT, I.D. No. 3815
1011 Centre Road, #210
Wilmington, DE  19805
(302) 472-8112
Attorney for Defendants
I&A Transport and Martin Camacho

00120931.DOC